BEN F. CRAWFORD *v.* SARAH JAMES.

Landlord and Tenant—Termination of Lease—Removal from Premises—Possession Reverts.
    Upon the termination of a lease and the removal from the premises by the tenant the possession reverts to the landlord.

Same—Contracts to Lease—Actual Entry—Action for Forcible Entry.
    A mere contract for a lease without an entry does not vest the possession in the lessee, consequently he cannot maintain an action for forcible entry. The right of action is in the landlord.

APPEAL FROM CARTER CIRCUIT COURT.

January 13, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Upon the termination of the lease to Rice, and his removal from the premises, the possession would revert to Crawford, the landlord under whom he entered and who owned the land, and would continue in him, until Armstrong, with whom he had made a contract to lease the premises, actually entered, a mere contract for the lease without an entry could not vest the possession in him, consequently he could not maintain an action for a forcible entry; but if Rice removed and the traversor moved in before Armstrong entered, the right of action for her wrongful entry was in Crawford, and not in the lessee, Armstrong.

These facts should have been submitted to the jury, consequently the peremptory instruction to find for the traversor was erroneous. Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings consistent with this opinion.

*Dulin,* for appellant.

*J. R. Botts,* for appellee.